

STATE OF NEW HAMPSHIRE

U.S. DISTRICT COURT OF NEW HAMPSHIRE

Albert S. Brandano

*Plaintiff*

v.

David Scanlan

SECRETARY OF STATE OF NEW HAMPSHIRE

In his official Capacity

*Defendant*

## **VERIFIED COMPLAINT FOR WRIT OF MANDAMUS**

Plaintiff Albert S. Brandano, a Citizen, Inhabitant, and Tax payer of the State of New Hampshire, pro se, brings this Complaint for Mandamus against David Scanlan, the current SECRETARY OF STATE OF NEW HAMPSHIRE (SOS) in his official capacity.

The Plaintiff seeks emergency relief from this Honorable Court in the form of a Writ of Mandamus compelling all election officials in the State of New Hampshire to henceforth secure all election records including electronic/digital records in compliance with federal law. New Hampshire election record retention laws and practices are in violation of federal law. Election records for federal elections have been destroyed before the required 22-month retention window in 2020 and 2022. Without intervention of this court, it will happen again in 2024.

1

## INTRODUCTION

1.  Plaintiff – Albert S. Brandano,  a voter in New Hampshire  who has suffered disenfranchisement by elected officials, who  did not ensure the proper maintenance and management of the electoral system as set out by Congress in Titles 42/52 in the event of an audit. Elected and unelected officials, acting as agents for the state, did not maintain all federal election records, including digital records found on the memory cards programmed for the  AccuVote machines for each election by LHS Associates and its contractors at 8A Industrial Way Unit 100 Salem, NH 03079. In doing, so the defendant violated the plaintiff's 14th Amendment Due Process clause to a free and fair electoral system and management/maintenance thereof. To have faith in our electoral system, registered voters need to be confident that those charged with conducting and maintaining the elections are following all laws related to the electoral system. When they do not, faith in the system is lost.  Today 56 % of Americans DO NOT have  a "great deal" nor "quite a bit" of confidence that the vote count will be accurate in 2024, (*Christian Science Monitor,  How America lost trust in elections – and why that matters (April 12, 2024).*  It is clear US citizens distrust the election process; it is important for New Hampshire who holds "First in the Nation" position to conduct their elections in the manner proscribed by federal and state law.

## PARTIES

2.  Albert S. Brandano is a Citizen, Inhabitant (Part II, article 30), and taxpayer of the State of New Hampshire (N.H.) (Part I, article 12), domiciled at 2 West School Road Kensington  New Hampshire 03833.

3.  David Scanlan serves as the Secretary of State of New Hampshire, whose office is located in Merrimack County at 107 North Main Street, Concord, New Hampshire 03110.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this Complaint pursuant to RSA 491:7.

5.  This Court also has authority to issue orders that state which actions the Constitution proscribes. Those actions are defined by the Constitution: *See* N.H. Const., Part I, Art. 11, and Art. 12.

6.  The Court has personal jurisdiction over the Defendant because his offices are located in New Hampshire, and his conduct occurred in New Hampshire.

7.  Venue is appropriate in Merrimack County pursuant to RSA 507:9 because the Defendant's state office is located in this county.

8.  Venue is appropriate  in NH US District Court  as the Plaintiff  is a United States Citizen and the federal court is located in Concord NH.

## APPLICABLE  STATE CONSTITUATIONAL AND STATUATORY PROVISIONS

9.  42 USC §20701. Retention and preservation of records and papers by officers of elections; deposit with custodian; penalty for violation

    *Every officer of election shall retain and preserve, for a period of twenty-two months from the date of any general, special, or primary election of which candidates for the office of President, Vice President, presidential elector, Member of the Senate, Member of the House of Representatives, or Resident Commissioner from the Commonwealth of Puerto Rico are voted for, all records and papers which come into his possession relating to any*

3

*application, registration, payment of poll tax, or other act requisite to voting in such election, except that, when required by law, such records and papers may be delivered to another officer of election and except that, if a State or the Commonwealth of Puerto Rico designates a custodian to retain and preserve these records and papers at a specified place, then such records and papers may be deposited with such custodian, and the duty to retain and preserve any record or paper so deposited shall devolve upon such custodian. Any officer of election or custodian who willfully fails to comply with this section shall be fined not more than $1,000 or imprisoned not more than one year, or both.*

10. <u>42 USC §20702. Theft, destruction, concealment, mutilation, or alteration of records or papers; penalties</u>

*Any person, whether or not an officer of election or custodian, who willfully steals, destroys, conceals, mutilates, or alters any record or paper required by section 20701 of this title to be retained and preserved shall be fined not more than $1,000 or imprisoned not more than one year, or both.*

11. <u>44 U.S. Code § 3301 - Definition of records</u>

*(a)Records Defined - In general.—As used in this chapter, the term "<u>records</u>"—*

*includes all <u>recorded information</u>, regardless of form or characteristics, made or received by a Federal agency under Federal law or in connection with the transaction of public business and preserved or appropriate for preservation by that agency or its legitimate successor as evidence of the organization, functions, policies, decisions, procedures,*

*operations, or other activities of the United States Government or because of the informational value of data in them;*

12. The Const. N.H. Part I, Art. 1, and Art. 11, Art. 12, provides that all election laws in the State of N.H. must be applied equally. These specifically include the following:

13. NH RSA 5:1 II, Oath of Office.

14. NH RSA 666:3 Official Misconduct.

15. NH RSA 666:2 Official Malfeasance.

16. NH RSA 42:1, Oath of Office, removal from office.

17. NH RSA 656:42 III (c) The town or city clerk shall securely preserve each memory device used in any election as directed by the secretary of state.

18. In the spirit of FOIA, New Hampshire 91A- Right to Know, National Motor Voter, Help America Vote Act and Federal Infrastructure Security Act require in all State and Federal Elections must be required to be secure, transparent and auditable, resulting in accurate and compliant elections. Results must be based on a zero-trust model with certification through a rigorous chain of custody. (modeled via the US banking system). Ref: Failure to could lead to Civil Rights Violations - 2017 Justice Dept direction.

19. The New Hampshire Constitution is not silent on elections and outlines the requirement for transparency: Part II Art: 32 Biennial meetings, How warned, Governed and Conducted: Return of Votes;… in an open meeting to receive votes of all inhabitants – in the presence of said selectman and town or city clerk, shall Sort and Count the Votes. Part 1 ( Art 11) Election and Elective Franchises; All elections are free and every inhabitant an equal right to vote and candidates to be elected. The right to vote is "preservative of all rights", Yick Wo v. Hopkins, 118 U.S. 356, 370 (1886).

States across the nation retain electronic/digital federal election records for 22 months. New Hampshire violates this practice and in doing so violates equal protections under the law.

## FACTUAL ALLEGATIONS

20. The Plaintiff alleges that the Defendant, David Scanlan New Hampshire's Secretary of State, and under NH RSA 652:23 is the top New Hampshire election official. Therefore, he is responsible for conducting all state and federal elections pursuant to the laws of the land and that he purposefully and knowingly violated this duty in past elections, and is poised to do so in the November 2024 federal election.

21. Secretary Scanlan, either knew or should have known that failure to faithfully enforce the Federal election laws would be violation of his sworn oath of office, official misconduct, and official malfeasance of the election process.

22. Memory cards are a critical component of the AccuVote election machines and retain tabulated results of all election related records. The potential to place malware on an AccuVote memory card was personally demonstrated by lead Auditor of the New Hampshire Windham Audit, Harri Hursti in the documentary *Hacking Democracy* whereby with just the memory card in his possession prior to being placed in the AccuVote machine, Hursti was able to manipulate vote totals.

23. The New Hampshire memory cards are programmed by an independent third party, LHS Associates and or its contractors. LHS codes the memory cards with their proprietary software without oversight from the state. Each memory card is unique by town, contains all race history and is un-auditable by both election officials and citizens due to LHS proprietary software. Memory cards, being the central calculator of ballot counts, are the foundation for determining the race position of every candidate in New Hampshire.

Succinctly, the memory cards memorialize the winners and the losers in towns that use LHS Associates owned or managed voting machines.

24. Secretary of State Scanlan is aware that the memory cards on the AccuVote voting machines are vulnerable to hacking and federal election data has not been secure.

    a.  LHS reprogramed the memory cards within weeks of the conclusion of the federal elections in 2020 and 2022. In doing, so destroys the digital records of the election including the data and programming.

    b.  Removing the battery from an AccuVote machine will erase the memory card.

    c.  Secretary of State Scanlan is on the record stating on February 1, 2021, *"The AccuVote OS, used in New Hampshire for 20 plus years, has a removable memory card that is programmed prior to each election. We have always recognized that if access to the card is not controlled it could be tampered with. You may be familiar with the documentary "Hacking Democracy" which feature Harri Hursti conducting a hack of the AccuVote memory card. We have worked with Mr. Hursti at different levels to make sure our electronic voting systems are secure."*

25. The RSAs in New Hampshire for election record retention have been detailed to **exclude** digital records from the defined items required for retention per 42 USC §20701 :

RSA 33-A:3-a XXXVI. Elections-federal elections: ballots and absentee ballot applications, affidavit envelopes, and lists: by the town clerk until the contest is settled and all appeals have expired or at least 22 months after the election, whichever is longer.

26. The Plaintiff alleges that the Defendant, David Scanlan has knowingly established election procedures that cause the destruction of the digital records held on the AccuVote voting machines by instructing all towns and cities who use AccuVote voting machines to

7

return the memory cards to the supplier LHS Associates. LHS erases the election data and programming before the 22-month federal requirement. The Secretary of State prescribes this process and all town/city clerks who use AccuVote machines follow his direction.

27. The failure of the Secretary of State to follow the Federal Laws requiring the retention and preservation of election records causes harm and violates the constitutional right of due process.

    a) No Authority has been delegated to Secretary of State Scanlan to ignore federal law. " a delegated power cannot be again delegated" 2 Inst 597; Black's 2d, 347: 2 *Bouv. Inst.* N 1300 A deputy cannot have ( or appoint) a deputy.

    b) The derivative power cannot be greater than the original form which it was derived. Noy, Max Wing, Max 66: Finch, Law, b.1,c.3

    c) Power can never be delegated which the authority said to delegate never possessed itself. NJ Steam Co. v. Merch Bank, 6 How, ( 47 US) 344, 407.

    d) The State of New Hampshire does *not* currently require voting machine error rates to be tested or utilized as a measurement of accuracy or service in NH. (HAVA– requirement) making the auditability of electronic records critical for the assessment of integrity.

28. Citizens of NH have a constitutional - legal standing in the use of his/her property tax dollars being paid directly for voting services. (But no part of a man's property shall be taken from him, or applied to public uses without his consent, or that of the representative body of the people. NH Constitution: Part 1. (Art 12) ; Protections and Taxation Reciprocal.)

8

29. Voting is our most free, sovereign and independent right to govern themselves, as well as hold magistrates and officers of the government, and their agents at all times accountable, with exact and constant observance of them. NH Constitution: Part 1. (Art) 7 State Sovereignty, ( Art 8) Accountability of Magistrates and Officers ( Art 38) Social Virtues Inculcated.

### HISTORICAL BACKGROUND

30. In 1979 RSA: 656:40 NH adopted the use of AccuVote voting machines supplied by LHS Associates, a third-party distributor of voting machines with no amendment to the NH Constitution.

31. LHS Associates and its contractors, program AccuVote memory cards for each election using their proprietary software.

32. The Secretary of State instructed town and city clerks to return the memory cards/digital records from both the 2020 and the 2022 federal elections to their supplier LHS Associates after each election. LHS, as an agent for the Secretary of State, as well as the secretary of State did not retain the election records for the federally required 22 months through September 3, 2022 and September 2024 respectively and allowed the destruction of the digital election records by:

   a) Physically returning the voting machine memory cards statewide to LHS Associates who subsequently wiped the cards clean of the election data on both elections.

   b) Overwriting the 2020 and 2022 election data on an election machine memory card does not absolve the responsibility of maintaining the election evidence for twenty-two months as detailed in 42 USC1974 and 52 USC20701.

9

c) Allowing the destruction of the 2020 election records on the Windham memory cards during a forensic machine audit.

    i   Windham New Hampshire drew national attention in 2020 as a recount revealed the results of the voting machines in the local state representative race decremented approximately 300 votes for some candidates while adding votes to others. During the "audit", lead auditor Harri Hursti erased all data on the memory cards preventing the forensic evaluation of the memory cards. This undermined the safeguards in USC1974 and 52 USC0701 whose intent is to insure, upon audit of the retained electronic records, that the ballots of the voters determined the election results and not manipulated computer code.

33. The Federal election of 2020 resulted in statewide award of four presidential electoral votes, one Senate seat and two Congressional seats which are the culmination of state wide vote counts. 91% of New Hampshire population was required to use AccuVote Machines to cast their ballot, including the Plaintiff. The candidates placed in office with the machine tabulation results are state level or federal positions- not a single town. The secretary of State violated USC20701, 42 USC1974 and 52 USC20702 with a direct impact on the Plaintiff by disenfranchising him by not upholding the Federal election code and preserving the election evidence. This was repeated in 2022 with the election of one senator and two congressional seats.

## SUMMARY

34. The Plaintiff, Albert S. Brandano repeats and incorporates by reference the allegations of the paragraphs above as if fully stated herein.

35. Mr. Brandano requests an order compelling the Secretary of State, to faithfully execute the duties of his office by enforcing federal retention and preservation of records for federal elections by retaining all digital/ electronic records securely for 22 months including but not limited to the memory cards programmed by LHS Associates for AccuVote machines and all comparable digital records from the new Voting Works machines and poll pads to be used in the November 2024 general election.

## REQUEST FOR RELIEF

Wherefore, the Plaintiff respectfully requests that this Honorable Court enter the following relief:

A. Order of notice to compel the defendant to appear within 10 days of this notice.

B. An order compelling the office holder of Secretary of State, David Scanlan, to instruct all moderators and town clerks in New Hampshire to properly enforce the retention and preservation of records and papers by officers of elections and prevent the theft, destruction, concealment, mutilation, or alteration of records or papers by retaining all AccuVote memory cards, any Voting Works digital election records and any poll pad electronic records for 22 months in said town or city.

C. And for other relief as is just and proper.

11

## **VERIFICATION**

I, Albert S. Brandano, certify that the foregoing facts are true and correct to the best of

my knowledge and belief.

Albert S. Brandano

STATE OF NEW HAMPSHIRE

COUNTY OF Rockingham

The foregoing instrument was acknowledged before me this 15th day of October, 2024, by

Albert S. Brandano

(Seal)

Signature of Notary Public

> JOHN A MCCONNELL
> Notary Public - New Hampshire
> My Commission Expires Jul 14, 2026

Date of Commission ending July 14, 2026

Personally known: _____

OR Produced Identification: __X__

Type of Identification Produced: _____

12

## CERTIFICATION OF SERVICE

I, Albert S. Brandano, do hereby swear that on October 15, 2024 I did mail or hand deliver a copy of this Writ of Mandamus was served to David Scanlan Secretary of State.

Dated October 15, 2024

JOHN A MCCONNELL
Notary Public - New Hampshire
My Commission Expires Jul 14, 2026

10/15/24

13