**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| Albert S. Brandano,<br><br>Plaintiff,<br>v.<br><br>Secretary of State David M. Scanlan,<br><br>Defendant. | * | Civil No. 1:24-cv-00333-SM-AJ |

**SECRETARY OF STATE'S MOTION TO DISMISS**

The Defendant, New Hampshire Secretary of State David M. Scanlan (the "Secretary of State"), through his counsel, the New Hampshire Office of the Attorney General, moves to dismiss the Plaintiff's complaint against the Secretary of State pursuant to Federal Rule of Civil Procedure 12(b)(6).

1. The Plaintiff, Albert S. Brandano, brought this action seeking a writ of mandamus compelling the Secretary of State to exercise his discretion to instruct New Hampshire moderators and town clerks to follow 52 U.S.C. §20701, which requires election officials to retain and preserve certain election records.

2. The Secretary of State moves to dismiss the Plaintiff's complaint on several independent grounds.

3. First, the Plaintiff is not entitled to mandamus relief against the Secretary of State. 28 U.S.C. §1361 only grants the Court authority to grant mandamus relief against federal agencies or employees, and the Secretary of State is not a federal employee. Therefore, the Plaintiff's request for mandamus relief fails as a matter of law.

4. Second, federal law does not provide the Plaintiff with a private right of action to enforce alleged violations of 52 U.S.C. §20701 related to the retention and preservation of certain election records. See, e.g., Soudelier v. Off. Of the Sec'y of State, 2023 U.S. App. LEXIS 30439, *6-7 (5th Cir., Nov. 15, 2023) (per curiam) (ruling that 52 U.S.C. §20701 cannot be privately enforced); Ayyadurai v. Galvin, 560 F. Supp. 3d 406 (D. Mass 2021) (same). Therefore, the Plaintiff's complaint fails as a matter of law.

5. Third, the Plaintiff does not have Article III standing. The Plaintiff alleges that local election officials failed to retain and preserve certain election records in violation of 52 U.S.C. §20701. However, the Plaintiff has not alleged any personal injury that he has suffered as a result of this alleged violation of federal law. The Plaintiff's interest in ensuring the government follows the law is a generalized grievance that is not sufficiently particularized to confer standing. See Osediacz v. City of Cranston, 414 F.3d 136, 142 (1st Cir. 2005) (ruling that "a mere interest in seeing the government turn square corners is not the kind of particularized interest that can satisfy the most basic constitutional prerequisite for standing"). Accordingly, the Plaintiff's complaint must be dismissed for lack of standing.

6. Because this motion is a dispositive motion, the Secretary of State did not seek consent from the Plaintiff.

7. The Secretary of State does not request oral argument on its motion to dismiss.

WHEREFORE, the Secretary of State respectfully requests that this Honorable Court:

A. Dismiss the Plaintiff's complaint.

Respectfully submitted,

Secretary of State David M. Scanlan

By his attorney,

THE OFFICE OF THE ATTORNEY GENERAL

Dated: October 25, 2024

/s/ Brendan A. O'Donnell
Brendan A. ODonnell, Bar #268037
Assistant Attorney General
Election Law Unit
Office of the Attorney General
1 Granite Place South
Concord, NH 03301
brendan.a.odonnell@doj.nh.gov
603-271-1269

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2024, a copy of the foregoing was electronically filed with the Court and additionally sent by regular mail and e-mail to Albert Brandano, 2 West School Road, Kensington, NH 03833 (albrand19@rocketmail.com).

/s/ Brendan A. O'Donnell
Brendan A. O'Donnell