**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| Albert S. Brandano,<br><br>Plaintiff,<br>v.<br><br>Secretary of State David M. Scanlan,<br><br>Defendant. | * | Civil No. 1:24-cv-00333-SM-AJ |

**SECRETARY OF STATE'S MEMORANDUM OF LAW IN SUPPORT OF THE SECRETARY OF STATE'S MOTION TO DISMISS**

The Defendant, New Hampshire Secretary of State David M. Scanlan (the "Secretary of State"), through his counsel, the New Hampshire Office of the Attorney General, submits this memorandum of law in support of the Secretary of State's motion to dismiss the Plaintiff's complaint.

I. **Introduction**:

1. The Plaintiff, Albert S. Brandano, brought this action seeking a writ of mandamus compelling the Secretary of State to exercise his discretion to instruct New Hampshire moderators and town clerks to follow 52 U.S.C. §20701,[1] which requires election officials to retain and preserve certain election records. See ECF 1, at 11.

2. The Plaintiff's complaint must be dismissed for three independent reasons: (1) this Court does not have jurisdiction to issue mandamus relief against New Hampshire officials; (2) federal law does not provide the Plaintiff with a private right of action to enforce alleged violations of 52 U.S.C. §20701; and (3) the Plaintiff has alleged only a generalized interest in the government

[1] Although the Plaintiff cites "42 U.S.C. §20701" throughout his complaint, the substance of his allegations makes it clear that he is referring to 52 U.S.C. §20701, et seq. See ECF 1, ¶¶9-10.

following 52 U.S.C. §20701, which is not a particularized injury that can satisfy article III standing requirements.

## II. **Background**:

A. The Plaintiff's factual allegations:

3. Some New Hampshire towns and wards use AccuVote ballot counting devices to count ballots in elections. ECF 1, ¶¶22-23. AccuVote ballot counting devices require a memory card. ECF 1, ¶22. The data on memory cards includes "tabulated results of all election related records" and any "malware" that may have been installed on a memory card. ECF 1, ¶22.

4. All data on a memory card is destroyed when the memory card is reprogrammed. ECF 1, ¶24(a). All data on a memory card is destroyed if the battery is removed from an AccuVote ballot counting device while the memory card is in that device. ECF 1, ¶24(b).

5. LHS Associates reprograms these memory cards for each election. ECF 1, ¶¶24, 31. After each election, local election officials return these memory cards to LHS Associates. ECF 1, ¶32. LHS Associates reprogrammed these memory cards within weeks of the conclusion of federal elections in 2020 and 2022. ECF 1, ¶24(a).

6. Because reprogramming the memory cards destroys all data that had been on the memory card, the data on these memory cards is not preserved for 22 months following each federal election. ECF 1, ¶¶20-27.

B. The Plaintiff's 52 U.S.C. §20701 claim:

7. 52 U.S.C. §20701 requires election officials to retain and preserve "all records and papers … relating to any application, registration, payment of poll tax, or other act requisite to voting in" an election involving any candidate for federal office. The Plaintiff claims that the data on AccuVote memory cards constitutes a "record or paper" that 52 U.S.C. §20701 requires

election officials to retain and preserve for 22 months. ECF 1, ¶¶25-26, 32. Accordingly, the Plaintiff alleges that New Hampshire town and city election officials are violating 52 U.S.C. §20701 by allowing AccuVote memory cards to be reprogrammed after each federal election. ECF 1, ¶¶25-26, 32.

8. The Plaintiff requests mandamus relief to compel the Secretary of State to exercise his discretion to "instruct all moderators and town clerks in New Hampshire to properly" retain "all AccuVote memory cards, any Voting Works digital election records and any poll pad electronic records for 22 months in said town or city." ECF 1, at 11.

C. The Plaintiff's alleged injury:

9. The Plaintiff's complaint does not include any specific allegation as to how the reprogramming of AccuVote memory cards harms the Plaintiff personally. Rather, the Plaintiff asserts that local election officials are not following 52 U.S.C. §20701, which broadly harms all "Citizens of NH" because they have a right to ensure all election laws are followed. See ECF 1,¶28.

## III. **The Plaintiff's complaint should be dismissed**:

A. Standard of Review:

10. In ruling on a motion to dismiss, the Court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiff. See Burt v. Bd of Trs. of the Univ. of R.I., 84 F.4th 42, 50 (1st Cir. 2023). The plaintiff's complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. However, the Court need not accept "bald assertions" or "legal conclusions." See Abbot v. United States, 144 F.3d 1 (1st Cir. 1998) (quotation omitted). Legal conclusions can

provide the complaint's framework, but they must be supported by factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

B. The Plaintiff is not entitled to mandamus relief against the Secretary of State:

11. The Plaintiff requests mandamus relief compelling the Secretary of State to exercise his discretion to "instruct all moderators and town clerks in New Hampshire to properly" retain "all AccuVote memory cards, any Voting Works digital election records and any poll pad electronic records for 22 months" after each election.

12. The Court cannot grant this requested relief because the Secretary of State is not a federal employee, and 28 U.S.C. §1361 only grants the Court authority to grant mandamus relief against federal agencies or employees. See 28 U.S.C. §1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."); Arroyo v. State, 2012 U.S. Dist. LEXIS 147120, Docket 12-11746-GAO, at *9 (D. Mass., Oct. 10, 2012) (ruling that the district court "lacks mandamus authority to compel a state official to act in a particular manner").

13. Accordingly, the Plaintiff's request for mandamus relief against the Secretary of State fails as a matter of law and must be dismissed.

C. The Plaintiff cannot privately enforce 52 U.S.C. §20701:

14. The Plaintiff's complaint alleging that local New Hampshire election officials are violating 52 U.S.C. §20701 must be dismissed because the Plaintiff does not have a private right of action to enforce alleged violations of that federal law.

15. "[P]rivate rights of action to enforce federal law must be created by Congress." Alexander v. Sandoval, 532 U.S. 275, 286 (2001). A statute may expressly or implicitly confer a

private right of action. A statute that creates an implied private right of action must "display[] an intent to create not just a private right but also a private remedy." Alexander, 532 U.S. at 286; see also Touche Ross & Co. v. Redington, 442 U.S. 560, 578 ("The ultimate question is one of congressional intent," and the only available remedies for a violation of a statute are those "that Congress enacted into law."). Legislative intent to provide a private remedy is "determinative" because, without a private remedy, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." Alexander, 532 U.S. at 286.

16. Here, 52 U.S.C. §20701 does not contain an express private right of action to enforce the law. See 52 U.S.C. §§20701-706; Soudelier v. Off. Of the Sec'y of State, 2023 U.S. App. LEXIS 30439, *6-7 (5th Cir., Nov. 15, 2023) (per curiam) (recognizing that 52 U.S.C. §§20701 does not contain an express private right of action).

17. Nor does 52 U.S.C. §20701 contain an implied private right of action. First, and most importantly, 52 U.S.C. §§20701-706 does not provide any private remedy. Rather, the law's remedy provisions demonstrate that 52 U.S.C. §20701 can only be enforced by the United States Attorney General's Office. See 52 U.S.C. §20703 (authorizing the Attorney General to compel production of records that Section 20701 requires to be retained and preserved); 52 U.S.C. §20702 (providing criminal penalties for destroying records that Section 20701 required to be preserved).

18. Second, 52 U.S.C. §20701 does not contain any indication that the law's purpose is to protect private individuals. Rather, the law focuses on the person regulated—officers of election. See 52 U.S.C. §20701 (requiring officers of election to retain and preserve certain election records); 52 U.S.C. §20702 (providing criminal penalties if officers of election or other persons

steal, destroy, conceal, mutilate, or alter any record that is required to be preserved); 52 U.S.C. §20703 (requiring the custodians of such records to provide them to the Attorney General upon demand); 52 U.S.C. §20706 (providing a detailed, comprehensive definition of "officers of election" who are subject to the law's retention and preservation requirements). "[S]tatutes that focus on the person regulated rather than the individuals protected create no implication of an intent to confer rights on a particular class of persons." Soudelier, 2023 U.S. App. LEXIS 30439, at *5-6 (quoting Alexander, 532 U.S. at 289); see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284 (2002) ("For a statute to create such private rights, its text must be phrased in terms of the persons benefited." (quotation omitted)).

19. In sum, 52 U.S.C. §20701 does not create an implied private right of action because the law "makes no mention of any private right of action," provides a cause of action only for the Attorney General, and "focus[es] on the person regulated rather than the individuals protected." Soudelier, 2023 U.S. App. LEXIS 30439, at *5-6 (quotations omitted).

20. Numerous federal courts have reached this same conclusion. See id. at *7 (ruling that 52 U.S.C. §20701 does not create an express or implied private right of action); Ayyadurai v. Galvin, 560 F. Supp. 3d 406, 408-09 (D. Mass. 2021) (recognizing that there is no private right of action to maintain a claim that a state official failed to preserve ballot images in violation of 52 U.S.C. §20701); Fox v. Lee, 2019 U.S. Dist. LEXIS 241528, *5 (N.D. Fla. 2019) ("In a word, 52 U.S.C. §20701 does not confer a private right of action on Plaintiffs."); Bursey v. S.C. State Election Comm'n, 2010 U.S. Dist. LEXIS 107151, *6-8 (D. S.C. 2010) (ruling that 42 U.S.C. §1974 (subsequently recodified as 52 U.S.C. §20701) does not create a private right of action).

21. Therefore, the Plaintiff's complaint must be dismissed because his claim is entirely based on an alleged violation of 52 U.S.C. §20701, which the Plaintiff does not have a private right of action to enforce.

D. The Plaintiff lacks standing:

22. The Plaintiff lacks standing because he has at best a generalized interest in ensuring the law is followed and the relief the Plaintiff seeks will not vindicate any individualized right or interest.

23. "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." Massachusetts v. United States HHS, 923 F.3d 209, 221 (1st Cir. 2019) (brackets omitted) (quoting DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 341 (2006)). The Plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing that he has standing. See id. The Plaintiff must demonstrate: (1) an injury in fact that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"; (2) that the injury is "fairly traceable to the challenged action"; and (3) that it is "likely that the injury will be redressed by a favorable decision." Id. at 221-22 (quotations and ellipsis omitted). These three components of the Article III "case or controversy" requirement are designed to ensure that a plaintiff "has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on his behalf." Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 38 (1976) (quotation omitted).

24. The standing doctrine reflects prudential and constitutional limitations upon the exercise of federal jurisdiction, which require a plaintiff to "allege that as a result of the defendant's actions he has suffered a distinct and palpable injury." Conservation Law Found. v. Reilly, 950

F.2d 38, 40 (1st Cir. 1991). "The prudential standing limitations prevent a court from adjudicating questions of broad social import where no individual rights would be vindicated and limit access to the federal courts to those litigants best suited to assert a particular claim." Id. at 41 (cleaned up).

25. Here, the Plaintiff has not alleged any injury to a personal right or interest of the Plaintiff. For example, the "factual allegations" and "historical background" sections of the Complaint contain almost no mention of the Plaintiff and do not include any facts demonstrating harm to the Plaintiff as an individual. See ECF 1, at 6-10. Rather, the Plaintiff broadly complains of harm to all "Citizens of NH." ECF 1, ¶28. But see Lujan v. Defenders of Wildlife, 503 U.S. 555, 573-74 (1992) (explaining that "harm to [the plaintiff] and every citizen's interest in proper application of the Constitution and law . . . does not state an Article III case or controversy." (emphasis added)). Similarly, the Plaintiff does not request any relief that is targeted at protecting the Plaintiff's individual rights. Rather, the Plaintiff seeks mandamus relief to compel the Secretary of State to broadly instruct "all moderators and town clerks" in New Hampshire regarding 52 U.S.C. §20701 retention and preservation requirements. ECF 1, at 11.

26. In sum, the Plaintiff has alleged no more than a "generalized grievance[] about the conduct of government," which is not sufficient to demonstrate individual standing. Kersey v. Trump, 2023 U.S. Dist. LEXIS 195940, *2 (D. Mass. 2023) ("Injuries that are too 'widely shared' or are 'comparable to the common concern for obedience to law' may fall into the category of generalized grievances about the conduct of government." (quoting Lyman v. Baker, 954 F.3d 351, 361 (1st Cir. 2020))); Osediacz v. City of Cranston, 414 F.3d 136, 142 (1st Cir. 2005) ("[A]" mere interest in seeing the government turn square corners is not the kind of particularized interest that can satisfy the most basic constitutional prerequisite for standing").

27. Accordingly, the Plaintiff's complaint should alternatively be dismissed for lack of Article III standing.

WHEREFORE, the Secretary of State respectfully requests that this Honorable Court:

A. Dismiss the Plaintiff's complaint in its entirety.

Respectfully submitted,

Secretary of State David M. Scanlan

By his attorney,

THE OFFICE OF THE ATTORNEY GENERAL

Dated: October 25, 2024

/s/ Brendan A. O'Donnell
Brendan A. ODonnell, Bar #268037
Assistant Attorney General
Election Law Unit
Office of the Attorney General
1 Granite Place South
Concord, NH 03301
brendan.a.odonnell@doj.nh.gov
603-271-1269

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2024, a copy of the foregoing was electronically filed with the Court and additionally sent by regular mail and e-mail to Albert Brandano, 2 West School Road, Kensington, NH 03833 (albrand19@rocketmail.com).

/s/ Brendan A. O'Donnell
Brendan A. O'Donnell